UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DURWYN TALLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 21-1047-CSB |
| | ) |
| LEONTA JACKSON and | ) |
| DAVID LUDFORD, | ) |
| | ) |
| Defendants. | ) |

### ORDER

**COLIN S. BRUCE, U.S. District Judge:**

This cause is before the Court on Plaintiff Durwyn Talley's objection to the Court's Order dismissing this case.

Plaintiff has filed the instant motion asking the Court to reconsider its Summary Judgment Order, which granted Defendants' motion for summary judgment, which entered judgment in Defendants' favor and against Plaintiff, and which dismissed the case. In a rambling and sometimes hard to decipher pleading, Plaintiff argues that the Court should reconsider the Summary Judgment Order, should re-open this case, and should allow him to continue litigating this case because it was not his fault that he did not present the material necessary to formulate timely responses with which to defeat Defendants' motions for summary judgment. Plaintiff asserts that various staff and officials with the Illinois Department of Corrections prevented him from accessing his legal materials and prevented him from obtaining other documents and materials with which he could have defeated the summary judgment motions.

1

Plaintiff also asserts that this Court conspired to deprive him of his Constitutional rights. Plaintiff contends that the timing and the substance of the Court's Orders demonstrate that the Court is biased against him and that he did not receive a fair disposition of his claims.

Plaintiff does not cite to any specific authority in support of his objection. But giving him the benefit of the doubt, the Court will consider Plaintiff's motion as having been filed under Federal Rule of Civil Procedure 59(e).

Federal Rule 59 authorizes district courts to alter a judgment under certain circumstances. In making a Federal Rule 59 motion, a moving party may not simply rely upon previously made and previously rejected arguments. *Vesely v. Armslist LLC*, 2014 WL 3907114, * 3 (7th Cir. Aug. 12, 2014)("we have held that a Rule 59(e) motion is not to be used to 'rehash' previously rejected arguments). Instead, in order "[t]o prevail on a Rule 59(e) motion, the moving party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013)(internal quotation omitted).

Plaintiff has failed to submit any newly discovered evidence that would justify the Court granting his motion to reconsider. The documents attached to Plaintiff's objection and motion to reconsider are not newly discovered. Moreover, Plaintiff has demonstrated how the attached documents demonstrate that summary judgment was improper. Accordingly, Plaintiff's objection is overruled, and his motion to reconsider is denied on that basis.

Plaintiff also asserts that this Court conspired to deprive him of his Constitutional rights. Plaintiff contends that the timing and the substance of the Court's Orders demonstrate that the Court is biased against him and that he did not receive a fair disposition of his claims.

Plaintiff does not cite to any specific authority in support of his objection. But giving him the benefit of the doubt, the Court will consider Plaintiff's motion as having been filed under Federal Rule of Civil Procedure 59(e).

Federal Rule 59 authorizes district courts to alter a judgment under certain circumstances. In making a Federal Rule 59 motion, a moving party may not simply rely upon previously made and previously rejected arguments. *Vesely v. Armslist LLC*, 2014 WL 3907114, * 3 (7th Cir. Aug. 12, 2014)("we have held that a Rule 59(e) motion is not to be used to 'rehash' previously rejected arguments). Instead, in order "[t]o prevail on a Rule 59(e) motion, the moving party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013)(internal quotation omitted).

Plaintiff has failed to submit any newly discovered evidence that would justify the Court granting his motion to reconsider. The documents attached to Plaintiff's objection and motion to reconsider are not newly discovered. Moreover, Plaintiff has demonstrated how the attached documents demonstrate that summary judgment was improper. Accordingly, Plaintiff's objection is overruled, and his motion to reconsider is denied on that basis.

Likewise, Plaintiff has failed to show that the Court committed a manifest error of law that would entitle him to relief. "[A] 'manifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Otto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 605 (7th Cir. 2000)(internal quotation omitted).

Plaintiff has failed to demonstrate that the Court committed a manifest error of law in its summary judgment rulings. Contrary to his repeated allegation, the Court is not in a conspiracy with the prison law librarians or with Defendants. In fact, the Court has had no communications with any IDOC employee, staff, or official who are involved in this case other than what appears on the Court's docket. As such, the Court could not have conspired with people with whom the Court has had no contact.

Essentially, Plaintiff does not like the Court's rulings and believes that the Court got it wrong. But as explained *supra*, a party may not simply re-state previously rejected arguments in the hopes of prevailing on a Rule 59 motion. *Vesely*, 2014 WL 3907114, at *3. That is all that Plaintiff has done in his motion to reconsider, and therefore, he is not entitled to relief under Federal Rule 59.

**IT IS, THEREFORE, ORDERED:**

1. **Plaintiff's objection to the Court's Summary Judgment Order is OVERRULED, and Plaintiff's motion to reconsider [115] is DENIED.**

Entered this 15th day of May, 2024

                                                 /s Colin S. Bruce_____
                                                      COLIN S. BRUCE
                                        UNITED STATES DISTRICT JUDGE